E-FILED on   12/5/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPHINE DOLLENS,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, DOES 1 THROUGH 30,<br><br>Defendants. | No. C-11-03265 RMW<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT TO ADD A DEFENDANT AND REMANDING CASE TO STATE COURT<br><br>[Re Docket Nos. 14, 20] |

Plaintiff Josephine Dollens moves for leave to amend her complaint to name Elizabeth Moya as a defendant, substituting in as Doe defendant number one. Defendant Target Corporation ("Target") opposes the motion. On December 2, 2011, the court held a hearing to consider plaintiff's motion. Having considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, the court grants the motion for leave to amend.

## I. BACKGROUND

This case arises out of plaintiff's slip and fall at a Target store on October 28, 2009. Plaintiff slipped on water near a cash register, at which Target employee Elizabeth Moya was working. Based on surveillance video, which captured the entire incident, it appears Ms. Moya was informed prior to plaintiff's fall that there was water on the floor and had taken at least some action to remedy

the situation. However, Ms. Moya had her back turned to the direction from which plaintiff approached and did not warn plaintiff that there was water on the floor.

Plaintiff filed a form complaint against Target in Santa Clara County Superior Court on May 24, 2011. Target removed the action to this court on July 1, 2011. Plaintiff filed the present motion to add Ms. Moya as a defendant on October 17, 2011. According to plaintiff's counsel, he was unaware of Ms. Moya's identity until an August 23, 2011 letter from Target's counsel.

## II. ANALYSIS

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Whether to permit joinder under § 1447(e) is left to the discretion of this court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In deciding whether to allow amendment to add non-diverse defendants, courts generally consider the following six factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

As to the first factor, plaintiff argues Ms. Moya is a necessary party because she is a joint tortfeasor who was an active participant in the allegations that are critical to the disposition of the important issues of the case. Target responds that Ms. Moya was not an active participant because she did not create the dangerous condition and acted to remedy it. Target also argues that Ms. Moya is not an indispensable party because plaintiff has all the same remedies against Target and would more readily collect a judgment from Target than its employee.

Under California law, "[a] plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is not required to name or join the employees as defendants." *Perez v. City of Huntington Park*, 7 Cal. App. 4th 817, 820 (1992).

ORDER GRANTING MOTION TO AMEND COMPLAINT TO ADD A DEFENDANT AND REMANDING CASE TO STATE COURT—No. C-11-03265 RMW
LJP  2

While Ms. Moya may not be strictly necessary as a party, however, courts have found that amendment under § 1447(e) is a less restrictive standard than Rule 19 and joinder may be permitted where the proposed defendant is closely related to the cause of action. *Graunstadt v. USS-Posco Indus.*, 2010 WL 3910145 at *2 (N.D. Cal. 2010); *IBC*, 125 F. Supp. 2d at 1012. Here, it appears that Target's liability turns primarily on Ms. Moya's conduct. Thus, although adjudication with respect to Target could not result in any order directed at Ms. Moya, it would necessarily require the court to evaluate Ms. Moya's conduct in a manner that would surely implicate her interests. *See Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999) (finding plaintiff's antitrust claims required the court to evaluate a third party's conduct, "thereby substantially implicating [its] interests"). In addition, denying joinder could lead to redundant litigation and potentially inconsistent results and obligations if plaintiff seeks redress against Ms. Moya in state court. *See Graunstadt*, 2010 WL 3910145 at *3 (allowing joinder of employee whose conduct allegedly made defendant liable for fraud).

As to the second factor, plaintiff does not dispute Target's assertion that the statute of limitations has not run against Ms. Moya.

As to the third factor, Target argues that plaintiff delayed in filing the present motion after discovering Ms. Moya's identity on August 23. Plaintiff does not explain her timing. Although it appears plaintiff could have acted more promptly, this case is in its early stages and the delay does not appear to be prejudicial. Thus, while this factor favors Target, the court gives it less weight.

As to the fourth factor, Target argues that plaintiff's only motive for joining Ms. Moya is to destroy diversity and force a remand to state court. Plaintiff's counsel acknowledged at the hearing that defeating diversity jurisdiction was one of the reasons for wanting to join Ms. Moya. Plaintiff did not identify any other reasons beyond arguing that Ms. Moya is a necessary party.

As to the fifth factor, Target does not appear to dispute that plaintiff could have valid claims against Ms. Moya. Indeed, Target acknowledges that its own potential liability derives, at least in part, from Ms. Moya's actions.

As to the sixth factor, plaintiff does not identify any prejudice that would arise from a denial of joinder. Rather, plaintiff flips this factor around to argue that Target would not be prejudiced by a

ORDER GRANTING MOTION TO AMEND COMPLAINT TO ADD A DEFENDANT AND REMANDING CASE TO STATE COURT—No. C-11-03265 RMW
LJP                                                                 3

1  remand because its only motive for removing the case was to coerce plaintiff to limit her damages.[1]
2  Denying joinder inherently forces plaintiff to either abandon the potential claims against Ms. Moya
3  or to commence redundant litigation in state court. However, plaintiff has not evinced an intent to
4  separately pursue claims against Ms. Moya, nor addressed Target's argument that plaintiff has all the
5  same rights and remedies against Target as she would against Ms. Moya.

6  Weighing all six factors together, the court finds that plaintiff should be permitted to add Ms.
7  Moya as a defendant. In particular, it appears that a claim against Ms. Moya is valid and not simply
8  a pretext, and Ms. Moya's conduct is unavoidably implicated in the case against Target. Courts have
9  generally permitted joinder of employees whose conduct allegedly gives rise to the defendant
10 employer's liability. *Graunstadt*, 2010 WL 3910145 at *6; *IBC*, 125 F. Supp. 2d at 1014; *see also*
11 *Oettinger v. Home Depot*, 2009 WL 2136764 (N.D. Cal. 2009) (allowing joinder of store manager in
12 slip and fall case); *but see Bakshi v. Bayer Healthcare, LLC*, 2007 WL 1232049 at *5 (N.D. Cal.
13 2007) (denying joinder where plaintiff failed to explain delay in adding defendant and his primary
14 motive appeared to be destroying diversity jurisdiction). This case is in its early stages, and the
15 interests of efficiency and justice would be served by allowing claims against both Target and Ms.
16 Moya to be resolved in one action.

### III. ORDER

18 For the foregoing reasons, the court grants plaintiff's motion for leave to amend the
19 complaint to name Elizabeth Moya as a defendant. Since the addition of Ms. Moya destroys subject
20 matter jurisdiction, the case is remanded to the Superior Court of California for the County of Santa
21 Clara.

DATED: 12/5/2011

RONALD M. WHYTE
United States District Judge

---

[1] Plaintiff also asserts in her papers that her complaint does not make a request for damages and that she "has no current demand for damages." Dkt. No. 24 at 2:22-23. However, the complaint alleges lost wages, medical expenses, and lost earning capacity, and prays for compensatory damages in an amount according to proof. Dkt. No. 1-1 ¶¶ 11, 14. It is not clear what relief *besides* money damages plaintiff is or could be seeking.